IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr106-MHT |
| | ) | (WO) |
| STEVEN PRUITT, JR. | ) | |

OPINION AND ORDER

This case is before the court on defendant Steven Pruitt, Jr.'s motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for May 20, 2019, should be continued pursuant to 18 U.S.C. § 3161(h)(7) to June 24, 2019.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Pruitt in a speedy trial. After being appointed new counsel in March 2019, the

magistrate judge allowed Pruitt to withdraw his guilty plea, and a new trial date was set for May 20, 2019. His new counsel represents that discovery is voluminous, that he has a capital murder trial to try the week of May 6 and two civil bench trials the week of May 13, and that Pruitt has no objections to his case being continued. Additionally, Pruitt has requested permission to file an out-of-time motion to suppress. Finally, the government does not object to the continuance. The court concludes that a continuance is warranted to allow Pruitt's counsel a reasonable amount of time to prepare fully and effectively for trial, including by filing the motion to suppress.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Steven Pruitt, Jr.'s motion to continue (doc. no. 209) is granted.

(2) The jury selection and trial for defendant Pruitt, now set for May 20, 2019, is reset for June 24,

2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 19th day of April, 2019.

                           /s/ Myron H. Thompson
                           **UNITED STATES DISTRICT JUDGE**