IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr106-MHT |
| | ) | (WO) |
| STEVEN PRUITT, JR. | ) | |

OPINION AND ORDER

Defendant Steven Pruitt, Jr. is charged in a multi-defendant indictment for conspiracy to distribute marijuana, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug-trafficking crime. His jury selection and trial were set for June 24, 2019. He failed to appear for his jury selection and is allegedly a fugitive. The U.S. Marshal has been unable to locate and arrest him. Defense counsel moved orally to continue trial. Based on the representations made on the record on June 24, 2019, and for the reasons below, the court will grant the motion and continue jury selection and trial until Pruitt is located.

While the granting of a continuance is left to the discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). The Act also excludes from the 70-day period any "delay resulting from the absence or unavailability of the defendant." § 3161(h)(3)(A). A defendant is considered absent "when his whereabouts are unknown and, in addition, he is attempting to avoid

2

apprehension or prosecution or his whereabouts cannot be determined by due diligence." § 3161(h)(3)(B).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Pruitt in a speedy trial. Pruitt is absent. His whereabouts are currently unknown, and it appears he is attempting to avoid both apprehension and prosecution. On June 12, he was charged with several state offenses. A federal warrant was issued for his arrest for allegedly committing state crimes in violation of the his federal pretrial-release terms, which prohibit him from committing another crime, state and federal, while on release. The U.S. Marshal has been unable to locate and arrest him.

Pruitt also failed to appear for his jury selection and trial, which was set to begin on June 24. His trial cannot begin without him. Rule 43 of the Federal Rules of Criminal Procedure requires the defendant's presence at every trial stage, including jury selection

3

and trial. A defendant who is initially present at trial may waive his right to be present for his trial if he is "voluntarily absent after the trial has begun." Fed. R. Crim. P. 43(c)(1)(A). A defendant's trial commences, for purposes of determining his waiver of right to be present, on the day of jury selection. *See United States v. Sterling*, 738 F.3d 228 (11th Cir. 2013). Because Pruitt was not present at jury selection, he cannot yet waive his right to be present at trial. The court will continue the trial until the U.S. Marshal locates Pruitt.

***

Accordingly, it is ORDERED as follows:

(1) Defense counsel's oral motion to continue (doc. no. 246) is granted.

(2) Defendant Steven Pruitt, Jr.'s jury selection and trial, now set for June 24, 2019, are continued generally until defendant Pruitt is located.

DONE, this the 25th day of June, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**