IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr106-MHT |
| | ) | (WO) |
| STEVEN PRUITT, JR. | ) | |

OPINION AND ORDER

This case is before the court on defendant Steven Pruitt, Jr.'s motion to continue the trial date. For the reasons set forth below, the court finds that Pruitt's upcoming jury trial, now set for November 18, 2019, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Pruitt in a speedy trial. On October 29, 2019, the grand jury returned another

2

superseding indictment, adding an additional count in this case for failure to appear while on pre-trial release.  *Compare* Second Superseding Indictment (doc. no. 284), *with* Superseding Indictment (doc. no. 96).  Pruitt represents that he now needs additional time to brief a motion to sever the additional count, and, in the event that the count is not severed, to gather additional evidence and witnesses to establish what lead to his failure to appear.  A continuance is warranted so that Pruitt's attorney may have the time necessary for effective preparation.  Also, the government does not oppose a continuance.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The motion to continue (doc. no. 287), filed by defendant Steven Pruitt, Jr., is granted.

(2) The jury selection and trial for defendant Pruitt, now set for November 18, 2019, are reset for January 6, 2020, at 10:00 a.m., in Courtroom 2FMJ of

the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference in advance of the January 6, 2020 trial term, and shall reset the deadline for entering a change of plea and any other appropriate deadlines.

DONE, this the 4th day of November, 2019.

                                      /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**