IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:18cr106-MHT** |
| | ) | **(WO)** |
| **STEVEN PRUITT, JR.** | ) | |

**ORDER**

On March 30, 2020, Chief United States District Judge Emily Marks entered a general order finding, pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 (the CARES Act), that "felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure ... cannot be conducted in person and in court without serious jeopardy to public health and safety." General Order, In: Re Criminal Proceedings by Video or Audio Conference, case no. 2:20-mc-3910-ECM (doc. no. 4), at 2. Pursuant to this general order and the CARES Act, a felony sentencing can be held by videoconferencing if the defendant consents and the individual judge finds, for specific reasons, that the sentencing cannot be

further delayed without serious harm to the interests of justice.  *Id*. at 2-3.

During a conference call on the record on May 19, 2020, counsel for defendant Steven Pruitt, Jr. requested that the sentencing be handled by videoconference.  He also indicated that he had consulted with Pruitt, and that, after this consultation, Pruitt wishes to proceed with sentencing by videoconference.  The government agreed that the sentencing could proceed by videoconferencing.

Also, during the conference call, defense counsel explained the need to avoid further delaying the sentencing.  Based upon these representations, the court finds that the sentencing cannot be further delayed without serious harm to the interests of justice.  Pruitt is housed in the Montgomery City Jail, which is experiencing an outbreak of COVID-19.  Pruitt is anxious to leave the jail in the hopes of avoiding the disease.  While he recognizes that he could also

2

catch COVID-19 in the Bureau of Prisons (BOP), he understandably feels that, should he become infected, the BOP will be better equipped to provide medical care for the disease.  He also wishes to be sentenced now so that when inmate transfers to the BOP begin again, he will not need to rush to be sentenced and then join the line of prisoners awaiting transfer, which would likely cause him to have to wait longer in the City Jail.  Furthermore, although partly the result of his absconding, this case has been pending almost two years, and sentencing has already been delayed once due to the pandemic.  There is no ascertainable end to the current National Emergency stemming from the COVID-19 virus, and the interests of justice will be seriously harmed by prolonged, indefinite delays of the sentencing.  Finally, proceeding with the sentencing by videoconference at this time reduces the potential that any necessary participant in the proceeding may become

3

unavailable or unable to attend the sentencing in-person due to illness.

***

Accordingly, based on these findings, and on defendant Steven Pruitt, Jr.'s consent after consultation with defense counsel to be sentenced via videoconferencing, it is ORDERED that sentencing is set for June 1, 2020, at 10:00 a.m., by videoconferencing. The courtroom deputy will contact all necessary parties and participants to make arrangements for the proceedings.

DONE, this the 19th day of May, 2020.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE